**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FRED BOHLIG; LINCOLN McNEIL, SR.;**
**JOSEPH PASSAFUME; ROY STOKES;**
**and EDDIE WATTS, JR.,**

        **Plaintiffs,**

**-vs-**                                                          **Case No.  6:04-cv-1213-Orl-22JGG**

**UNITED GOVERNMENT SECURITY**
**OFFICERS OF AMERICA, LOCAL 132;**
**AKAL SECURITY, INC.; EARL WOODY;**
**WILLIAM RYAN; PHILLIP DIXON; and**
**JACK BRYANT,**

        **Defendants.**
_____

**ORDER**

**I.  INTRODUCTION**

This cause comes before the Court for consideration of Plaintiffs' Motion to Remand to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (Doc. 11) and Brief in Support of Motion for Remand (Doc. 11), Attachment 1, filed on September 1, 2004, and Defendants' Memorandum in Opposition to Motion to Remand (Doc. 12), filed on September 28, 2004.  Having reviewed the Motion (Doc. 11), supporting Brief (Doc. 11), Attachment 1, and Memorandum (Doc. 12), this Court GRANTS the Plaintiffs' Motion to Remand to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (Doc. 11) and Plaintiffs' request for an award of attorney's fees and costs contained therein.

**II.  BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs initially filed this lawsuit in the Circuit Court for Hillsborough County on November 3, 2003. Plaintiffs assert violations of Florida's right-to-work laws and allege a conspiracy claim under state law. On December 8, 2003, the "Union Defendants" (United Government Security Officers of America, Local 132 and William Ryan, in his capacity as President of the Union) removed the case to this Court.[1] Defendants claimed that the five-count Complaint "asserts rights under Section 14(b) of the National Labor Relations Act ("the Act"), 29 U.S.C. § 164(b), and turns on whether that Section, and the Union security provisions in the collective bargaining agreement attached to the complaint, apply to employees who work in a federal installation or enclave, thus raising a federal question." *Bohlig I*, Doc. 1, ¶ 2, at 1 (citation omitted). In their Notice of Removal, the Union Defendants stated that they were served with a summons and complaint in the state action on November 18, 2003. *Id.,* ¶ 1, at 1.

On December 18, 2003, Defendants Earl Woody and AKAL Security, Inc. filed a "Consent to and Joinder in Notice of Removal" (*Bohlig I*, Doc. 12). That document states that Woody was served with initial process on November 18, 2003 and AKAL was served on December 5, 2003. *Id.* at 3. Plaintiffs conceded that this consent and joinder was timely. *See Bohlig I*, Doc. 15 at 3.

On December 29, 2003, Plaintiffs filed its first Motion to Remand (*Bohlig I*, Doc. 14) and their supporting brief (*Bohlig I*, Doc. 15). Therein, Plaintiffs argued, *inter alia*, that remand is necessary "since at least one of the defendants [did not join in or consent] to removal within

---

[1] Upon its first removal to federal court, *Bohlig v. U.S. Security Officers* was assigned the case number 6:03-cv-1812-ACC. In this Order, the Court will refer to the case after its first removal as *Bohlig I.* Upon its second removal, this case was assigned the number 6:04-cv-1213-ACC-JGG. The Court will refer to this case after its second removal to federal court as *Bohlig II*.

the mandatory 30-day period after receipt through service or otherwise of a copy of the complaint[.]" *Bohlig I*, Doc. 14 at 2.  More specifically, Plaintiffs asserted that Defendants Phillip Dixon and Jack Bryant failed to consent to removal within the statutory 30-day period. *See Bohlig I*, Doc. 15 at 3.

On January 16, 2004, the Union Defendants filed a Response (*Bohlig I*, Doc. 31) to the Motion for Remand.  Therein, the Union Defendants stated:

> Prior to filing the Petition for Removal, the Union Defendants conferred with counsel for the other Defendants and ascertained that all Defendants consented to removal of the case. As counsel for the Union Defendants anticipated that the other Defendants, through their respective counsel, would file written consents to removal, no reference to these discussions was set forth in the Notice of Removal itself. Two of the other Defendants have since timely filed their consents to removal. Two of the individual Defendants, Dixon and Bryant, did not file written consents. The undersigned has since conferred with counsel for such Defendants, who reaffirms their consent to removal as of the filing of the removal petition, although written consent forms were inadvertently not prepared and filed. The undersigned is further advised that written confirmation of the prior consent given orally will be filed promptly in the case.

*Bohlig I*, Doc. 31 at 1-2.  Additionally, counsel for the Union Defendants stated:

> In researching the response to the Motion for Remand, the undersigned has discovered an independent ground for removal not reflected in the removal notice. A separate and independent ground for removal is provided in 28 U.S.C. § 1442(a)(3) for "any officer of the courts of the United States, for any act under color of office or in the performance of his duties . . ." [T]he applicability of this section in authorizing removal constitutes an exception to the general rule requiring the consent of all defendants to remove, and, if applicable, obviates the procedural defect asserted by Plaintiffs in their Motion to Remand.

*Id.* at 2.

On January 20, 2004, Defendants William Ryan, Phillip Dixon and Jack Bryant filed a "Consent to and Joinder of Notice of Removal" (*Bohlig I*, Doc. 33).[2] The document states that it is "intended to confirm the oral consent for removal previously given" to counsel for the Union. *Id.* at 1. The filing does not disclose the date on which Dixon and Bryant were served with initial process. However, it is evident from the court file that these Defendants were served sometime before December 8, 2003. In that regard, a motion to dismiss filed on behalf of Dixon, Bryant and Ryan bears the date December 8, 2003 in its certificate of service. *See Bohlig I*, Doc. 30 at 4-5. That is the very same day the Union Defendants first removed the case to federal court.

On March 12, 2004, Plaintiffs filed a Reply (*Bohlig I*, Doc. 54) to the Union Defendants' Response to the Motion for Remand. In their Reply, Plaintiffs argued that it was improper for the Union Defendants to assert an entirely new and independent ground for removal not included in the removal notice. Plaintiffs further argued that the Union Defendants failed to demonstrate that removal would be proper under § 1442(a)(3).

On April 14, 2004, this Court remanded *Bohlig I* to the Circuit Court for Hillsborough County on the grounds that the Defendants failed to satisfy the crucial procedural requirements needed to effect a proper removal. Specifically, the Defendants failed to meet the strictly interpreted and enforced "unanimity requirement." *See Bohlig I*, Doc. 58 at 4. As this Court held in *Diebel v. S.B. Trucking Co.*, "[u]nder the unanimity requirement, to effect removal 'each

---

[2]As previously noted, the initial removal notice was filed by the Union and William Ryan in his capacity as President of the Local. Ryan is also named in this consent and joinder, apparently in his individual capacity.

defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b).'" 262 F. Supp. 2d 1319, 1328 (M.D. Fla. 2003) (quoting *Nathe v. Pottenberg*, 931 F. Supp. 822, 825 (M.D. Fla. 1995)).  In *Bohlig I*, the removal notice was not signed by all Defendants, nor did it state than any parties other than the Union Defendants consented to removal.  Moreover, not all of the Defendants manifested their consent to removal on the record during the statutory 30-day period.  Furthermore, the Court rejected the Union Defendants' belated attempt to raise 28 U.S.C. §1442(a)(3) as a basis for excusing the unanimity requirement.  Once the 30-day time period has expired, "'the notice of removal may be amended only to set out more specially grounds of removal that already have been stated, albeit imperfectly, in the original petition.'" *Diebel*, 262 F. Supp. 2d at 1331 (quoting *Bradwell v. Silk Greenhouse, Inc.*, 828 F. Supp. 940, 943 (M.D. Fla. 1993)).  Section 1442(a)(3) was not articulated–imperfectly or otherwise–in the removal notice as a basis for removal.  Given that the Court's decision to remand *Bohlig I* was made on procedural grounds, the Court did not reach the question of whether § 1442(a)(3) actually applies to this case.

Additionally, the Court's April 14, 2004 Order (*Bohlig I*, Doc. No. 58) denied Plaintiffs' Motion (*Bohlig I*, Doc. 14) insofar as it sought an award of attorneys fees and costs.

Following the remand of *Bohlig I*, the Circuit Court entered an Order (*Bohlig II*, Doc. No. 1, Attachment 3) on June 16, 2004 dismissing all claims against the individual Defendants Earl Woody, William Ryan, Phillip Dixon, and Jack Bryan.  The Order also dismissed Counts III, IV, and V of the Complaint against Defendant Akal Security, Inc. and Defendant Union.

The Circuit Court noted in its Order that the Plaintiffs would have 20 days within which to file an amended Complaint; Plaintiffs declined to do so.

On July 30, 2004, the Union Defendants again filed a Notice of Removal to remove this case from the Circuit Court for Hillsborough County to this Court. *See Bohlig II*, Doc. 1.

On August 24, 2004, Counts I and II of the Complaint filed against Defendant Akal Security, Inc. were dismissed with prejudice. *See Bohlig II*, Doc. 8. As a result, the Union is the only remaining Defendant in this case, and only Counts I and II of the Complaint remain against Defendant Union.

On September 1, 2004, Plaintiffs filed their second Motion to Remand to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida ("Motion to Remand") (*Bohlig II*, Doc. 11). Plaintiffs make three claims in their Motion: (1) that "remand is required because the allegations of the Complaint concern only state law claims and none of the claims provide this Court with original jurisdiction," (2) that because "not all of the [D]efendants joined in or consented to removal of the case to federal court, the removal notice is untimely, and the requirements for revival of the right to remove have not been met," and (3) that "the [D]efendant did not act at the direction of a federal authority as required for removal jurisdiction under 28 U.S.C. § 1442(a)(3)." *Bohlig II*, Doc. 11 at 1-2.

In their response (*Bohlig II*, Doc. 12) filed on September 28, 2004, Defendant argues that its initial unsuccessful removal does not preclude a second removal based on new events. The new events that Defendant argues give rise to a second chance at removal are: (1) Plaintiffs' decision to no longer pursue its claims against the Defendants who did not consent to removal, and (2) the allegedly fraudulent joinder of those non-consenting Defendants by

-6-

Plaintiffs in order to prevent removal in the first place. Defendant also asserts that the second removal petition was timely filed. Additionally, Defendant argues removal to this Court is proper because, according to Defendant, the Complaint presents a federal claim on its face and because the federal officer removal statute, 28 U.S.C. § 1442(a)(3), applies. Furthermore, Defendant avers that because its efforts to effect removal to this Court were made in good faith, the Court should not award Plaintiffs attorney's fees and costs should the case be remanded.

## III. ANALYSIS

### A. Procedural Analysis

1. <u>That Plaintiffs Did Not Amend Their Complaint Does Not Revive the Right to Removal</u>

Plaintiffs' decision to not amend their Complaint after all claims were dismissed as to the non-consenting Defendants is not the kind of event that gives rise to a new right to removal. "Removal jurisdiction is limited through strict construction of the removal statutes." *Cacciatore v. Liberty Life Assur. Co. Of Boston*, 85 F. Supp. 2d 1282, 1283 (M.D. Fla. 2002). Additionally, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The Court's research has revealed no precedent that provides for second-chance removal in a circumstance like this one. By contrast, 28 U.S.C. § 1446(b) says, in part:

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days. . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

Thus, some event must transpire that renders removable a case that otherwise previously provided no basis for removal to federal court.  Additionally, the Supreme Court has held that a party is not entitled to file a second petition for removal upon the same ground. *St. Paul & C. Ry. Co. v. McLean,* 108 U.S. 212, 217; 2 S. Ct. 498, 500  (1883).  "A different construction of the statute, it can be readily seen, might work injurious delays in the preparation and trial of causes." *Id.*   The Supreme Court addressed the circumstances under which a second petition would be appropriate in *D.G. Fritzlen v. Boatmen's Bank,* 212 U.S. 364, 372; 29 S. Ct. 366, 369 (1909) as follows:

> But it is not open to controversy that if, after an order to remand has been made, it results, from the subsequent pleadings or conduct of the parties to the cause, that the cause is removable, on the development of such situation a second application to remove may be made, and the right to do so because of the changed aspect is not controlled by the previous order remanding the cause.

Defendant has neither alleged nor shown that any aspect of this action has changed so drastically as to warrant the evisceration of the 30-day rule and a second bite at the apple for removal.  Because this is a case that does not involve diversity jurisdiction, it is unclear what strategy Defendant sees in the Plaintiffs' decision to not amend their Complaint and to pursue anew its claims against the non-consenting, non-Union Defendants.  That the non-consenting Defendants are no longer parties to this case has no bearing on whether the Court has jurisdiction under 28 U.S.C. § 1442(a)(3)–the statute under which Defendant argues that this

Court has the authority to remove this case. Accordingly, Plaintiffs' decision to leave their Complaint untouched has not given rise to a second chance at removal.[3]

    2.    Fraudulent Joinder Does Not Apply

Additionally, Defendant's contention that the non-consenting Defendants were fraudulently joined is both misplaced and without merit. Typically, courts have used fraudulent joinder analyses in cases where federal jurisdiction is based on the diversity of the parties. *See*, *e.g.*, *De Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). In commenting on the origins of the doctrine of fraudulent joinder, the former Fifth Circuit stated:

> [t]he doctrine of fraudulent joinder had its inception in the courts, and originally was a judicial pronouncement intended to protect non-resident defendants from any misstatement of fact or misjoinder of parties or causes of action knowingly made by plaintiffs for the purpose of conferring jurisdiction upon or defeating removal to a federal court.

*Bentley v. Halliburton Oil Well Cementing Co.*, 174 F.2d 788, 791 (5th Cir. 1949). "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *De Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Because federal jurisdiction in this case does not depend on the diversity of the parties, it does not fit within the corners of a fraudulent joinder analysis. Nor has the Defendant presented any

---

[3] Defendant has cited the case of *Benson v. SI Handling Sys., Inc.*, Case No. 99-2700 (7th Cir. Aug. 12, 1999) to support its position. This Court respectfully disagrees with our sister circuit's extension which permits the filing of successive removal petitions based on the same ground. To permit a party to file successive removal petitions alleging the same bases would work injurious delays in the preparation and trial of a cause. *St. Paul*, 108 U.S. at 217. To rule otherwise would encourage Defendants to be coy and would eviscerate the 30-day limit on filing removal petitions.

facts that would properly raise an issue of fraudulent joinder. As such, Defendant's fraudulent joinder claim fails.

       3.       There Is No Basis for Federal Question Jurisdiction in this Case

There is no federal question presented on the face of Plaintiffs' Complaint. In discussing the well-pleaded complaint rule, the Supreme Court stated:

> [o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, each count of Plaintiffs' Complaint is grounded in either Florida constitutional or statutory law. Defendant argues that the "sole legal question raised in the [C]omplaint is whether employees covered by the collective bargaining agreement alleged at paragraph 8-10 of the [C]omplaint work at a federal installation or enclave, and are therefore not within the scope of § 14(b) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 164(b), thus preempting any claims asserted under Florida's right-to-work law." Defendant cites *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983) for the proposition that "[a]ny action in which an issue of federal law 'forms an ingredient of the original cause' is a case *arising under* federal law, even if other questions of law are involved." Defendant's Memorandum in Opposition to Remand (*Bohlig II*, Doc. 12 at 5). *Franchise Tax Board* actually

works against Plaintiff's contention. In that case, appellant, a state tax board, sought a declaratory judgment against appellee, a trust for associations of employers in southern California's construction industry, in a California state court. *See Franchise Tax Board*, 463 U.S. at 4-7. Appellant tax board filed a complaint in state court alleging that appellee trust, which administered an employee welfare benefit plan, had failed to comply with three levies issued under California law. *See id.* at 6. Appellee removed the case to federal court, arguing that as federal law the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.* preempted the State's power to levy on funds held in a trust by appellee. *See id.* Although the appellee and its trustees were "subject to extensive regulation under Titles I and III of ERISA," the Supreme Court held that the case "was not within the removal jurisdiction conferred by 28 U.S.C. §1441" because appellant's cause of action was created under state law and did not arise under the laws of the United States, namely ERISA. *Id*. at 5, 7, 15, 25-26.

The Supreme Court stated that the "law that creates the cause of action is state law, and original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that [one of the claims] is really one of federal law." *Id.* at 13 (internal quotations omitted). Thus, it is possible that even though a cause of action is created under state law, a "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the two parties." *Id.* In the case at hand, "federal law becomes relevant only by way of a defense" articulated by the Union Defendant. *Id.* Essentially, Defendant argues that the

-11-

Labor Management Relations Act, 29 U.S.C. § 164(b) will preempt Plaintiffs' claims under Florida law. In *Franchise Tax Board*, the Supreme Court made clear that "[s]ince 1887, it has been well settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.* at 14. Therefore, although Defendant may be correct in arguing that federal law will ultimately preempt Plaintiffs' claims, that fact does not raise a substantial question of federal law such that the case is subject to removal.

**B.     Substantive Analysis**

The federal officer removal statute, 28 U.S.C. § 1442(a)(3), is inapplicable to the case at hand. The statute provides:

> (a)  A civil action or criminal proceeding commenced in a state court *against* any of the following may be removed by them to the district court of the United States . . .
>
> (3) Any officer of the courts of the United States, for any act under color of office or in the performance of his duties. . . .

28 U.S.C. § 1442(a)(3) (emphasis added). Here, the civil action has not been brought *against* any officer of the courts of the United States, whereas the Union is not a federal officer for purposes of this statute. Defendant contends that because the Union is sued in its capacity as the collective bargaining representative for the court security officers, and because the court security officers are "officers of the courts" under § 1442(a)(3), the Union is entitled to remove the case to this Court because it is a "person acting under the federal officers." *See* Defendant's Memorandum in Opposition to Remand (*Bohlig II*, Doc. 12 at 9).

In a case with facts similar to those in the case at hand, United States Magistrate Judge for the Southern District of Florida Theodore Klein concluded that a union's status as the collective bargaining agent for court security officers did not make the union a "federal officer" for removal purposes under § 1442(a)(3). *Vitale v. United Government Security Officers of America, Local 131*, No. 04-21058-CIV-MARTINEZ-KLEIN, at 6 (S.D. Fla. Aug. 26, 2004).[4] Judge Klein reasoned that the union's status as an agent was irrelevant whereas "no individual court security officer [was] being sued" and the union could not "claim that its actions . . . involved obligations required to be undertaken by its [court security officer] members in performance of their federal duties." *Id.* Judge Klein also found that the union was unable to establish that "any federal officer," namely the U.S. Marshals Service, "directed it to take the position that [the Plaintiffs in that case] were required to either join the union or pay a service fee to it." *Id.* at 7. Judge Klein further noted that the "purpose of the removal statute is to permit removal where federal officers are threatened with civil or criminal liability because of actions taken by them in pursuance of federal duties." *Id.* (citing *Fountain Park Co-op, Inc. v. Bank of Am. Nat'l Trust & Sav. Assoc.*, 289 F. Supp. 150 (C.D. Cal. 1968)). Here, as was the case in *Vitale*, the Union Defendant has presented no evidence that "it was acting under the direction of a federal officer and that there is a causal nexus between Plaintiffs' claims and acts it performed under the color of federal authority." *Vitale*, No. 04-21058-CIV-MARTINEZ-KLEIN, at 6 (citing *Jefferson County v. Acker*, 119 S. Ct. 2069, 2075 (1990); *Mesa v.*

---

[4] It is worthwhile to note that the docket sheet for *Vitale v. United Government Security Officers of America, Local 131* reflects that United States District Judge Jose E. Martinez adopted Magistrate Judge Klein's Report and Recommendations in this case. *See* Docket Entry No. 26, Order Adopting Magistrate's Report and Recommendations (Oct. 29, 2004).

*California*, 109 S. Ct. 959 (1989); *In re Wireless Tel. Radio Frequency Omissions*, 216 F. Supp. 2d 474 (D. Md. 2002)). Furthermore, the Union's attempt to get Plaintiffs to join their organization is unrelated to the duties of court security officers. As such, the federal officer removal statute does not apply.

**C.     Attorney's Fees**

In *Bohlig I*, this Court determined that an award of attorney's fees and costs was unwarranted. *See* Order (*Bohlig I*, Doc. 58) at 6. In its discretion pursuant to 28 U.S.C. § 1447(c), the Court determines that in this second failed attempt at removal, an award to Plaintiffs of attorney's fees and costs is just.[5]

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Plaintiffs' Motion to Remand to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (*Bohlig II*, Doc. 11), filed December 1, 2004, is GRANTED. Pursuant to 28 U.S.C. § 1447(c), the Court will award Plaintiffs "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Within eleven (11) days, Plaintiffs may serve and file an application detailing their costs and expenses occasioned by removal. Within eleven (11) days thereafter, United Government Security Officers of America,

---

[5]     28 U.S.C. §1447(c), which governs the procedure after removal generally, states, in part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

        Local 132 may serve and file a response to Plaintiffs' application. The Court reserves jurisdiction for the limited purpose of assessing costs and expenses.

2. This case is REMANDED to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, General Jurisdiction Division. The Clerk of this Court shall notify the Clerk of Hillsborough Circuit Court that this action was assigned case number 03-10314 when it was previously pending in that court.

3. The Clerk shall close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 18, 2005.

Copies furnished to:

Counsel of Record
Unrepresented Party

ANNE C. CONWAY
United States District Judge